UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **Stacy Collins, individually and on behalf of other similarly situated individuals**<br><br>**Plaintiffs**<br><br>V.<br><br>**Kohl's Department Stores, Inc. and Kohl's Corporation**<br><br>**Defendant** | **CIVIL ACTION NO.:**<br><br><br><br>**January 11, 2018** |

## COLLECTIVE AND CLASS ACTION COMPLAINT

### I. INTRODUCTION

1. This action is brought by Plaintiff for herself and on behalf of all Assistant Store Managers employed by Defendant's, Kohl's Department Stores, Inc. and Kohl's Corporation. Defendants have misclassified Plaintiff, and other similarly situated employees, as exempt under federal and state overtime laws and failed to pay them overtime pay for hours worked beyond forty (40) in a workweek.

2. Plaintiff alleges on behalf of herself and other similarly situated current and former assistant store managers of Defendants who elect to opt into this action (the "Collective Action Class"), that they are entitled to: unpaid wages from Defendants for all overtime hours worked by them, as required by law, liquidated damages, attorneys' fees and costs, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*

3. Plaintiff further complains, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a class of other similarly situated current

and former assistant store managers of Defendants employed within the State of Connecticut (the "Connecticut Class") that they are entitled to back wages from the Defendants for all overtime work for which they did not receive overtime premium pay and an award of penalty damages, attorneys' fees and costs, pursuant to the Connecticut Wage Act ("CWA"), Conn. Gen. Stat. §§ 31-58, *et seq*.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 since they are so related to her FLSA claims that they form part of the same case or controversy.

6. This Court also has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1332(d)(2)(A), the Class Action Fairness Act ("CAFA"). The parties are diverse and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

7. At least one member of the proposed class is a citizen of a state different from that of at least one defendant. Plaintiff's claims involve matters of national or interstate interest.

8. Citizenship of the members of the proposed class is dispersed among a substantial number of states.

9. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

10. Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(c) because the acts or omissions giving rise to claims in this Complaint took place in this judicial district.

11. This Court has personal jurisdiction over Defendants pursuant to Connecticut's long-arm statute because it transacts business in the State of Connecticut, it enters into employment contracts with the a-Assistant Store Managers, including Plaintiff, and its conduct in violating the Fair Labor Standards Act and the Connecticut Wage Act is tortious as that term is defined under the long arm statute.

### III. THE PARTIES

12. Plaintiff is an individual residing within this judicial district. She worked as Children, Footwear and Home Assistant Store Manager (CFH ASM) or Assistant Store Manager of Human Resources and Operations (ASM HRO) for Defendant from approximately June 2008 to October 19, 2017, at Defendant's Enfield, Connecticut and Manchester, Connecticut stores.

13. Defendant Kohl's Department Stores, Inc. is a corporation organized and existing under the laws of the state of Delaware. Its principal place of business is located at N56 W17000 Ridgewood Drive, Menomonee Falls, Wisconsin.

14. Defendant Kohl's Corporation is a corporation organized and exisiting under the laws of the state of Delaware. It's principal place of business is located at N56 W1700 Ridgewood Drive, Memomonee Falls, Wisconsin.

15. Defendants own and operate retail department stores throughout the United States, including Connecticut.

16. Defendants are employers within the meaning of the FLSA, the CWA and the wage laws of the other states in which it operates. Defendants were the employer of Plaintiff and all other Assistant Store Managers in the states in which they work.

## STATEMENT OF FACTS

17. Defendants hired Plaintiff to work in its Enfield, Connecticut store in June 2008. Defendant provided Plaintiff with management training and then assigned her to be a Children, Footwear and Home Assistant Store Manager (CFH ASM). Defendant transferred her to its Manchester store in 2014. She held the CFH ASM position until approximately July 2015. In August 2015, Defendants assigned Plaintiff to be an Assistant Store Manager of Human Resources and Operations (HR-Ops ASM) at Defendant's Manchester, Connecticut store, where she worked until October 19, 2017.

18. Defendants have approximately 1,155 stores in forty-nine (49) states.

19. Defendants employ Assistant Store Managers (ASMs) in all of these stores.

20. Defendants designate four types of ASMs: (i) Assistant Store Manager of Human Resources and Operations (HR-Ops ASM), (ii) Children, Footwear, and Home Assistant Store Managers (CFH ASM), (iii) Apparel and Accessories Assistant Store Managers (AA ASM), (iv) Overnight Freight and Replenishment Assistant Store Managers (OFR ASM).

21. Despite Defendants' use of four separate job descriptions – one for each

type of ASM – the basic duties of an ASM are the same.  Defendants provide that each of the ASMs' primary duty is to perform mostly the non-exempt labor of the stores in which they work, including unloading trucks, unpacking merchandise, filling on-line orders, stocking shelves, customer service and operating cash registers.

22.     Defendants classify all four types of ASMs as exempt from overtime.  It pays them a flat weekly salary and does not pay them overtime compensation for the hours they work over 40 in a week.

23.     Defendants require that all ASMs report directly to a Store Manager, who is the real management authority of the store.  Defendants schedules ASMs for 45 hours per week but they frequently work more, and often as much as 50 or more hours per week.

24.     During the holiday time of year (the week before Thanksgiving through the second week in January), Defendants schedule ASMs for six days and 54 hours per week.

25.     Defendants also schedule ASMs to do inventory once per year.  During the week before and the week of inventory, Defendants assign ASMs approximately 60 hours of work.

26.     Defendants closely monitors the work performed by ASMs to ensure compliance with corporate directives.  ASMs are uniformly trained through training materials prepared by Defendants.

27.     Defendants use common performance measurement standards to measure the performance of the work of ASMs.

28. Defendants classify all ASMs as exempt from the overtime requirements of FLSA, regardless of store location, volume, or size.

29. Defendants' corporate officers decided to classify ASMs as exempt based on the general job description of ASM position.

30. While Defendants assign some management duties to them, those duties are routine, and are closely and directly supervised by their superiors. ASMs are not given significant discretion to manage and their management work is not more important than their non-management work.

31. ASMs do not spend most of their time on exempt tasks. Instead, most of their time is spent performing non-exempt duties, such as unloading freight, stocking shelves, filling on-line orders, ensuring that the merchandise was arranged according to company standards, counting inventory, and organizing the store.

30. The non-exempt duties that ASMs perform are more important to the Defendants' business model than the exempt duties that they are required to perform.

31. Defendants closely and directly supervises ASMs through periodic inspections, audits and annual reviews. Store Managers also inspect ASM work on a daily basis.

32. Defendants pay ASMs a salary comparable to that of non-exempt store associates, especially when the overtime that ASMs spend on the job is considered.

33. Defendants classify its ASMs as exempt executives in conscious

disregard for the facts and the law. Defendants have at all times been fully aware that the primary duty of the ASMs is not management and that the law does not permit employers to classify employees as exempt executives unless their primary duty is management. Defendants also have been aware that ASMs work more than 40 hours per week without overtime pay.

34. Notwithstanding this knowledge, Defendants classify its ASMs as exempt executives in conscious disregard of their right to be paid overtime pay.

35. As a result of Defendants' willful violations of the FLSA, Plaintiff and all other similarly situated ASMs have suffered damages in that they have not received proper compensation.

## THE NATIONWIDE COLLECTIVE ACTION

36. Plaintiff brings the first cause of action on behalf of herself and all other ASMs who have worked for Defendants around the country during the period beginning three (3) years prior to the filing of this lawsuit until the date of final judgment in this matter.

37. Plaintiff brings this count under 29 U.S.C. § 216(b) of the Fair Labor Standards Act. Plaintiff and the other ASMs are similarly situated in that they are all subject to Defendants' common plan or practice of designating them as exempt from the overtime requirements of FLSA, when in fact their work is not exempt.

## THE CONNECTICUT RULE 23 CLASS

38. Plaintiff brings the second cause of action under the Connecticut Wage Act, C.G.S. §§ 31-58 *et seq.*, and Rule 23 of the Federal Rules of Civil

Procedure, for herself and on behalf of a class consisting of all ASMs in Connecticut during the period beginning two (2) years prior to the filing of this lawsuit until the date of final judgment in this matter.

39. Class certification for these Connecticut law claims is appropriate under Fed. R. Civ. P. 23 (a) and Fed. R. Civ. P. 23 (b)(3) because all the requirements of the Rules are met.

40. The class is so numerous that joinder of all members is impracticable. Upon information and belief, Defendants' employed approximately 100 ASMs in Connecticut during the past two (2) years.

41. There are questions of law and fact common to the class, including whether the putative class members worked overtime but were not paid overtime in violation of Connecticut law.

42. The named Plaintiff's claims are typical of those of the class members. Plaintiff's claims encompass the challenged practices and course of conduct of Defendants. Furthermore, Plaintiff's legal claims are based on the same legal theories as the claims of the putative class members. The legal issues as to which federal and state laws are violated by such conduct apply equally to Plaintiff and to the class.

43. The named Plaintiff will fairly and adequately protect the interests of the class. The Plaintiff's claims are not antagonistic to those of the putative class and she has hired counsel skilled in the prosecution of class actions.

44. Common questions of law and fact predominate over questions affecting only individuals, and a class action is superior to other available methods for the

fair and efficient adjudication of this controversy. This proposed class action under Fed. R. Civ. P. 23 presents few management difficulties, conserves the resources of the parties and the court system, protects the rights of each class member and maximizes recovery to them.

## LEGAL CLAIMS

**COUNT ONE:** **VIOLATION OF THE FAIR LABOR STANDARDS ACT, 21 U.S.C. Section 201, *et seq.***

45. Based on the foregoing, Defendants' conduct in this regard was a willful violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

46. Plaintiff and all other similarly situated ASMs who opt into this litigation are entitled to compensation for all overtime hours worked, liquidated damages, attorneys' fees and court costs.

**COUNT TWO:** **VIOLATION OF THE CONNECTICUT WAGE ACT, C.G.S. Section 31-58, *et seq.***

47. Based on the foregoing, Defendants' conduct in this regard was a violation of the Connecticut Wage Act, C.G.S. §§ 31-58, *et seq.*

48. Accordingly, Plaintiff and all other similarly situated ASMs in Connecticut are entitled to compensation for all overtime hours worked, penalty damages, attorneys' fees and court costs.

49.

## DEMAND FOR RELIEF

Plaintiff claims:

a. Designation of this action as a collective action pursuant to the FLSA and prompt issuance of notice pursuant to 29 U.S.C. § 216(b);

b. Certification of the Connecticut class action pursuant to Fed. R. Civ. P. 23(b)(3) and the appointment of Plaintiff and her counsel to represent those classes;

c. An award of unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 216(b);

d. An award of unpaid overtime wages under the Connecticut Wage Act, C.G.S. § 31-68;

e. An award of liquidated damages under the Fair Labor Standards Act, 29 U.S.C. § 216(b);

f. An award of penalty damages under Connecticut Wage Act, C.G.S. § 31-68;;

g. Attorneys' fees under the Fair Labor Standards Act, 29 U.S.C. § 216(b);

h. Attorneys' fees under the Connecticut Wage Act, C.G.S. § 31-68;

i. Interests and costs;

j. Injunctive relief in the form of an order directing Defendant to comply with the Connecticut Wage Act; and

k. Such other relief as in law or equity may pertain.

## JURY DEMAND

Plaintiff demands a trial by jury by all issues so triable.

Stacy Collins, individually and on behalf of other similarly situated individuals

By: /s/ Richard E. Hayber
Richard E. Hayber
Hayber Law Firm, LLC
221 Main Street, Suite 502
Hartford, CT 06106
Fed Bar No.: ct11629
(860) 522-8888 telephone
(860) 218-9555 facsimile
rhayber@hayberlawfirm.com


    /s/ Gary Phelan
Gary Phelan
Mitchell & Sheahan, P.C.
80 Ferry Boulevard
Stratford, CT 06615
Fed Bar No.: ct03670
Ph: (203) 873-0240
F: (203) 873-0235
gphelan@mitchellandsheahan.com
Attorney for the Plaintiffs