| Stacy Collins, Tiange Luseni, and Lisa Peterson, individually and on behalf of other similarly situated individuals,<br><br>Plaintiffs<br><br>V.<br><br>Kohl's Department Stores, Inc. and Kohl's Corporation,<br><br>Defendants | : : : : : : : : : : : : : : | CIVIL ACTION NO.:<br><br>3:18-cv-0065-VAB<br><br><br><br><br><br>May 4, 2018 |
|---|---|---|

# AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

## I. INTRODUCTION

1. Retail employers must pay overtime to their assistant managers unless their primary duty is management. 29 C.F.R. Sec. 541.100. "[I]f the assistant managers spend more than 50 percent of the time performing nonexempt work such as running the cash register … are closely supervised and earn little more than the nonexempt employees, the assistant managers generally would not satisfy the primary duty requirement." 29 C.F.R. Sec. 541.700(c).

2. Defendants Kohl's Department Stores, Inc. and Kohl's Corporation ("Kohl's"), assigns non-management work to its Assistant Store Managers (ASMs) which generally takes up more than 50% of their time, closely supervises their work, and pays them only a little more than its non-exempt employees. It schedules them to work 45 hours or more each week (over 50 during holiday seasons), but schedules so few hourly staff that in fact they regularly work 50-60 hours per week. Kohl's classifies all of its ASMs as exempt "executives" and does not pay them overtime.

3. This action is brought by Plaintiffs for themselves and on behalf of other similarly situated employees who have been classified as Assistant Store Managers ("ASMs") at Kohl's stores across the country.

4. Kohl's has misclassified Plaintiffs, and other ASMs in these positions, as exempt under federal and state overtime laws and has failed to pay them overtime pay for hours worked beyond forty (40) in a workweek.

5. Plaintiffs allege on behalf of themselves and other similarly situated current and former ASMs who have worked at Kohl's at any time from January 11, 2015, to the date of final judgment in this action and who elect to opt into this action (the "Collective Action Class"), that they are entitled to: unpaid wages from Defendants for all overtime hours worked by them, as required by law, liquidated damages, attorneys' fees and costs, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*

6. Plaintiff Stacy Collins further complains, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a class of other similarly situated current and former ASMs of Defendants employed within the State of Connecticut (the "Connecticut Class") from January 11, 2016, until final judgment in this action, that they are entitled to back wages from the Defendants for all overtime work for which they did not receive overtime premium pay and an award of penalty damages, attorneys' fees and costs, pursuant to the Connecticut Wage Act ("CWA"), Conn. Gen. Stat. §§ 31-58, *et seq*.

7. Plaintiff Tiange Luseni further complains, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a class of other similarly situated current and former ASMs of Defendants employed within the State of New York (the "New York Class") from May 4, 2012, until final judgment in this action, that they are

entitled to back wages from the Defendants for all overtime work for which they did not receive overtime premium pay and an award of penalty damages, attorneys' fees and costs, pursuant to the New York Labor Law ("NYLL") Article 19, Sec. 650.

8. Plaintiff Lisa Peterson further complains, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a class of other similarly situated current and former ASMs of Defendants employed within the Commonwealth of Massachusetts (the "Massachusetts Class") from May 4, 2015, until final judgment in this action, that they are entitled to back wages from the Defendants for all overtime work for which they did not receive overtime premium pay and an award of penalty damages, attorneys' fees and costs, pursuant to the Massachusetts Wage Statutes, Mass. Gen. Laws c. 151, §§ 1A and 1B.

## II. JURISDICTION AND VENUE

9. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

10. This Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 since they are so related to their FLSA claims that they form part of the same case or controversy.

11. Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(c) because the acts or omissions giving rise to claims in this Complaint took place in this judicial district.

12. This Court has personal jurisdiction over Defendants pursuant to Connecticut's long-arm statute because Kohl's transacts business in the State of Connecticut, it enters into employment contracts with its Assistant Store Managers, including Plaintiffs, and its conduct in violating the Fair Labor Standards Act and the Connecticut Wage Act is

tortious as that term is defined under the long arm statute.

### III. THE PARTIES

12. Plaintiff Stacy Collins is an individual residing within this judicial district. She worked as Children, Footwear and Home Assistant Store Manager (CFH ASM) from June 2008 until July 2015 at Defendant's Enfield, Connecticut and Manchester, Connecticut stores. She was an Assistant Store Manager of Human Resources and Operations (ASM HRO) for Defendant from approximately August 2015 to October 19, 2017 at Kohl's Manchester, Connecticut store.

13. Plaintiff Tiange Luseni is an individual residing in Brooklyn, New York. She worked as an Assistant Manager from April 2010 until February 2017. She has worked in Kohl's stores in Rego Park and Elmhurst, New York (April 2010 – March 2013) and Green Acres, New York (June 2013 – February 2017). She has been an Assistant Manager of Children / Footwear / Home (CFH ASM) and an Assistant Manager of Operations / Children / Footwear / Home (OCFH ASM).

14. Plaintiff Lisa Peterson is an individual residing in Middleboro, Massachusetts. She worked as an Assistant Manager from 2013 through 2015. She worked in Kohl's stores in Milford, Massachusetts. She was an Apparel and Accessories Assistant Store Manager and a Human Resources Assistant Store Manager.

15. Defendant Kohl's Department Stores, Inc. is a corporation organized and existing under the laws of the state of Delaware. Its principal place of business is located at N56 W17000 Ridgewood Drive, Menomonee Falls, Wisconsin.

16. Defendant Kohl's Corporation is a corporation organized and existing under the laws of the state of Delaware. Its principal place of business is located at N56 W1700

Ridgewood Drive, Memomonee Falls, Wisconsin.

17. Defendants own and operate retail department stores throughout the United States, including Connecticut.

18. Defendants are employers within the meaning of the FLSA, the Connecticut Wage Act, the New York Labor Law, and the Massachusetts Overtime Law. Defendants employed Plaintiffs and all other Assistant Store Managers in the states in which they work.

## STATEMENT OF FACTS

19. Defendants have approximately 1,155 stores in forty-nine (49) states including Connecticut, New York, and Massachusetts.

20. Defendants employ Assistant Store Managers ("ASMs") in all of its stores nationwide.

21. Although there are categories of ASMs that focus on different areas, the basic duties of an ASM are the same. Defendants provide that each of the ASMs' primary duty is to perform mostly the non-exempt labor of the stores in which they work, including unloading trucks, unpacking merchandise, filling on-line orders, stocking shelves, customer service and operating cash registers.

22. Among the categories of Kohl's ASM are ASM of Apparel / Accessories ("ASM AA"), ASM of Children / Footwear / Home ("ASM CFH"), ASM of Operations / Children / Footwear / Home ("ASM OCFH"), and ASM of Human Resources and Operations ("ASM – HR Ops"). The duties for these four categories of ASMs are contained on two Position Descriptions dated March 2012 and are similar with only minor differences.

23. Kohl's has classified all ASMs as exempt from overtime, no matter what state, what size store, or what type of ASM. It pays them a flat weekly salary and does not pay them overtime compensation for the hours they work over 40 in a week.

24. Kohl's set payroll budgets for each store each week. Kohl's tracks each store's payroll each week and each month to determine if that store was keeping its payroll under the budget it set. Each store has to use its ASMs to do hourly work in order to meet its payroll budget obligations.

25. Under store managers at all Kohl's stores, in addition to ASMs, there are also employees in the stores who are paid on an hourly basis, including Area Supervisors, Department Supervisors, Specialists and Associates.

26. Kohl's has had a practice in its stores to keep its hourly payroll expenses down. It has done this in part by sending hourly associates home before the end of their shift and not replacing them when they called out. Kohl's then requires the ASMs to finish the hourly tasks of the hourly associates who had been scheduled but were sent home early or not replaced.

27. Defendants require that all ASMs report directly to a Store Manager, who is the real management authority of the store.

28. Defendants usually schedule ASMs for 45 hours per week and they inform ASMs of this fact when they are hired. During the holiday time of year (the week before Thanksgiving through the end of December) Defendants schedule ASMs for six days and 54 hours per week.

29. Defendants also schedule ASMs to do inventory once per year. During the week before and the week of inventory, Defendants assign ASMs approximately 60 hours of

work.

30. Defendants set payroll budgets for their stores that are so low that there is not enough hourly staff available to allow the ASMs to spend most of their time managing. Further, Defendants have a practice of not replacing hourly associates when they call out during the week and of sending them home early to keep the hourly payroll expense down. For these reasons, Defendants usually require their ASMs to work longer work weeks than the 45 hours that they were scheduled for.

31. Defendants closely monitor the work performed by ASMs to ensure compliance with corporate directives. Their Store Managers monitor the work they do each day to see that it complies with the strict requirements set by Kohl's. They measure the performance of ASMs each year in evaluations which reflect how close the ASMs work performance adheres to Kohl's expectations.

32. Kohl's uniformly trained its ASMs through training materials.

33. Defendants use common performance measurement standards to measure the performance of the work of ASMs.

34. Defendants classify all ASMs as exempt from the overtime requirements of FLSA and applicable state law, regardless of store location, sales volume, store size, climate, experience, number of ASMs in a store, prior experience, the number of employees in the store, the shift they worked, or other factors.

35. Defendants' corporate officers decided to classify ASMs as exempt based on the uniform job descriptions of ASM positions.

36. While Defendants assign some management duties to them, those duties are routine, and are closely and directly supervised by their superiors. ASMs are not given

significant discretion to manage and their management work is not more important than their non-management work.

37. ASMs do not spend most of their time on exempt tasks. Instead, most of their time is spent performing non-exempt duties, such as unloading freight, stocking shelves, filling on-line orders, ensuring that the merchandise was arranged according to company standards, performing recovery, counting inventory, and organizing the store.

38. The non-exempt duties that ASMs perform are more important to the Defendants' business model than the exempt duties that they are required to perform.

39. Defendants closely and directly supervise ASMs through periodic inspections, audits and annual reviews. Store Managers also inspect ASM work on a daily basis.

40. Defendants pay the ASMs only a little more than the hourly workers in the stores, if those workers worked the same number of hours that the ASMs did, overtime included.

41. Defendants classify their ASMs as exempt executives in conscious disregard for the facts and the law. Defendants have at all times been fully aware that the primary duty of the ASMs is not management and that the law does not permit employers to classify employees as exempt executives unless their primary duty is management. Defendants also have been aware that ASMs work more than 40 hours per week without overtime pay.

42. In fact, Plaintiff Stacy Collins usually worked more than 40 hours per week during the period of this claim, but did not receive overtime pay. For example, during the week of October 8-14, 2017, Collins worked approximately 50 hours, but was only paid her regular salary for that week and did not receive overtime pay.

43. Plaintiff, Tiange Luseni, was scheduled for and worked at least 45 hours per week

during the period of this claim, but did not receive overtime pay. She frequently worked over 45, sometimes as many as 60 or more hours per week. For example, in mid August 2016, Luseni worked approximately 75 hours in a week, but was only paid her regular salary for that week and did not receive overtime pay.

44. Plaintiff, Lisa Peterson, usually worked more than 40 hours per week during the period of this claim but did not receive overtime pay. For example, during the week of May 25, 2015, Peterson worked approximately 50 hours, but was only paid her regular salary for that week and did not receive overtime pay.

45. Notwithstanding this knowledge, Defendants has classified Plaintiffs and all ASMs as exempt executives in conscious disregard of their right to be paid overtime pay.

46. As a result of Defendants' willful violations of the FLSA, Plaintiff and all other similarly situated ASMs have suffered damages in that they have not received proper compensation.

## THE NATIONWIDE COLLECTIVE ACTION

47. Plaintiffs brings the first cause of action on behalf of herself and a collective of Assistant Store Managers who have worked for Defendants around the country during the period beginning January 11, 2015, until the date of final judgment in this matter.

48. Plaintiffs bring this count under 29 U.S.C. § 216(b) of the Fair Labor Standards Act. Plaintiffs and the other ASMs are similarly situated in that they are all subject to Defendants' common plan or practice of designating them as exempt from the overtime requirements of FLSA, when in fact their work is not exempt and when Defendants knew that they were working overtime.

## THE CONNECTICUT RULE 23 CLASS

49. Plaintiff Stacy Collins brings the second cause of action under the Connecticut Wage Act, C.G.S. §§ 31-58 *et seq.*, and Rule 23 of the Federal Rules of Civil Procedure, for herself and on behalf of ASMs who have worked in Connecticut during the period beginning January 11, 2016, until the date of final judgment in this matter.

50. Class certification for these Connecticut law claims is appropriate under Fed. R. Civ. P. 23 (a) and Fed. R. Civ. P. 23 (b)(3) because all the requirements of the Rules are met.

51. The class is so numerous that joinder of all members is impracticable. Upon information and belief, Defendants have employed more than 100 ASMs in Connecticut during the past two (2) years.

52. There are questions of law and fact common to the class, including whether the putative class members' primary duty was management and whether the putative class members worked overtime but were not paid overtime in violation of Connecticut law.

53. The named Plaintiff's claims are typical of those of the class members. Plaintiff's claims encompass the challenged practices and course of conduct of Defendants. Furthermore, Plaintiff's legal claims are based on the same legal theories as the claims of the putative class members. The legal issues as to which federal and state laws are violated by such conduct apply equally to Plaintiff and to the class.

54. The named Plaintiff will fairly and adequately protect the interests of the class. The Plaintiff's claims are not antagonistic to those of the putative class and she has hired counsel skilled in the prosecution of class actions.

55. Common questions of law and fact predominate over questions affecting only

individuals, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. This proposed class action under Fed. R. Civ. P. 23 presents few management difficulties, conserves the resources of the parties and the court system, protects the rights of each class member and maximizes recovery to them.

## THE NEW YORK RULE 23 CLASS

56. Plaintiff Tiange Luseni brings the second cause of action under the New York Labor Law, Article 19 §§650 *et seq.*, and the supporting New York State Department of Labor Regulations, for herself and on behalf of ASMs in New York during the period beginning May 4, 2012, until the date of final judgment in this matter.

57. Class certification for these New York law claims is appropriate under Fed. R. Civ. P. 23 (a) and Fed. R. Civ. P. 23 (b)(3) because all the requirements of the Rules are met.

58. The class is so numerous that joinder of all members is impracticable. Upon information and belief, Defendants have employed more than 100 ASMs in New York during the past six (6) years.

59. There are questions of law and fact common to the class, including whether the putative class members' primary duty was management and whether the putative class members worked overtime but were not paid overtime in violation of New York law.

60. The named Plaintiff's claims are typical of those of the class members. Plaintiff's claims encompass the challenged practices and course of conduct of Defendants. Furthermore, Plaintiff's legal claims are based on the same legal theories as the claims of the putative class members. The legal issues as to which federal and state laws are

violated by such conduct apply equally to Plaintiff and to the class.

61. The named Plaintiff will fairly and adequately protect the interests of the class. The Plaintiff's claims are not antagonistic to those of the putative class and she has hired counsel skilled in the prosecution of class actions.

62. Common questions of law and fact predominate over questions affecting only individuals, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. This proposed class action under Fed. R. Civ. P. 23 presents few management difficulties, conserves the resources of the parties and the court system, protects the rights of each class member and maximizes recovery to them.

## THE MASSACHUSETTS RULE 23 CLASS

63. Plaintiff Lisa Peterson brings the second cause of action under the Massachusetts General Laws, Ch. 151, Sec 1 *et. seq.* for herself and on behalf of ASMs who have worked in Massachusetts during the period beginning May 4, 2015, until the date of final judgment in this matter.

64. Class certification for these Massachusetts claims is appropriate under Fed. R. Civ. P. 23 (a) and Fed. R. Civ. P. 23 (b)(3), as well as under Mass. General Laws, Ch. 151, Sec 1B, because all the requirements of the Rules are met.

65. The class is so numerous that joinder of all members is impracticable. Upon information and belief, Defendants employed more than 100 ASMs in Massachusetts during the past three (3) years.

66. There are questions of law and fact common to the class, including whether the putative class members' primary duty was management and whether the putative class members worked overtime but were not paid overtime in violation of Massachusetts law.

67. The named Plaintiff's claims are typical of those of the class members. Plaintiff's claims encompass the challenged practices and course of conduct of Defendants. Furthermore, Plaintiff's legal claims are based on the same legal theories as the claims of the putative class members. The legal issues as to which federal and state laws are violated by such conduct apply equally to Plaintiff and to the class.

68. The named Plaintiff will fairly and adequately protect the interests of the class. The Plaintiffs' claims are not antagonistic to those of the putative class and she has hired counsel skilled in the prosecution of class actions.

**69.** Common questions of law and fact predominate over questions affecting only individuals, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. This proposed class action under Fed. R. Civ. P. 23 presents few management difficulties, conserves the resources of the parties and the court system, protects the rights of each class member and maximizes recovery to them.

## LEGAL CLAIMS

**COUNT ONE: FAILURE TO PAY OVERTIME IN VIOLATION OF THE FAIR LABOR STANDARDS ACT, 21 U.S.C. Section 201,** *et seq.*

70. Based on the foregoing, Defendants' conduct in not paying overtime to their ASMs for hours worked beyond 40 per week is a willful violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

71. Plaintiffs and all other similarly situated ASMs who opt into this litigation are entitled to compensation for all overtime hours worked, liquidated damages, attorneys' fees and court costs.

## COUNT TWO: FAILURE TO PAY OVERTIME IN VIOLATION OF THE CONNECTICUT WAGE ACT, C.G.S. Section 31-58, *et seq*.

72. Based on the foregoing, Defendants' conduct in not paying overtime to their ASMs for hours worked beyond 40 per week violates the Connecticut Wage Act, C.G.S. §§ 31-58, *et seq.*

73. Accordingly, Plaintiff Collins and all other similarly situated ASMs who have worked in Connecticut are entitled to compensation for all overtime hours worked, penalty damages, attorneys' fees and court costs.

## COUNT THREE: FAILURE TO PAY OVERTIME IN VIOLATION OF THE NEW YORK LABOR LAW

74. Based on the foregoing, Defendants' conduct in not paying overtime to their ASMs for hours worked beyond 40 per week violates New York Labor Law, Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations.

75. Accordingly, Plaintiff Luseni and all other similarly situated ASMs who have worked in New York are entitled to compensation for all overtime hours worked, penalty damages, attorneys' fees and court costs.

## COUNT THREE: FAILURE TO PAY OVERTIME IN VIOLATION OF THE MASSACHUSETTS OVERTIME LAW

76. Based on the foregoing, Defendants' conduct in not paying overtime to their ASMs for hours worked beyond 40 per week violates the Massachusetts Overtime Law, Mass. Gen. L. Ch. 151, Sec 1A and 1B.

77. Accordingly, Plaintiff Peterson and all other similarly situated ASMs who have worked in Massachusetts are entitled to compensation for all overtime hours worked, penalty damages, attorneys' fees, interest, and court costs.

**DEMAND FOR RELIEF**

Plaintiffs claim:

a. Designation of this action as a collective action pursuant to the FLSA and prompt issuance of notice pursuant to 29 U.S.C. § 216(b);

b. Certification of a Connecticut class pursuant to Fed. R. Civ. P. 23(b)(3) and the appointment of Plaintiff Collins and her counsel to represent that class;

c. Certification of a New York class pursuant to Fed. R. Civ. P. 23(b)(3) and the appointment of Plaintiff Luseni and her counsel to represent that class;

d. Certification of a Massachusetts class pursuant to Fed. R. Civ. P. 23(b)(3) and/or Mass. General Laws, Ch. 151, Sec 1B, and the appointment of Plaintiff Peterson and her counsel to represent that class;

e. An award of unpaid overtime wages, and liquidated damages, under the Fair Labor Standards Act, 29 U.S.C. § 216(b);

f. An award of unpaid overtime wages, and penalty wages, under the Connecticut Wage Act, C.G.S. § 31-68;

g. An award of unpaid overtime wages, and liquidated damages, under the New York Labor Law, Article 19, Sec. 650;

h. An award of unpaid overtime wages, and treble liquidated damages, under the Massachusetts Overtime Law, Ch. 151, Sec 1A and 1B;

i. Attorneys' fees under the Fair Labor Standards Act, 29 U.S.C. § 216(b), Connecticut Wage Act, New York Labor Law, and Massachusetts Overtime Law;

j. Interest and costs;

k. Injunctive relief in the form of an order directing Defendants to comply with

federal and state law as set forth herein;

l. Such other relief as in law or equity may pertain.

## JURY DEMAND

Plaintiffs demand a trial by jury by all issues so triable.

Respectfully submitted,

Stacy Collins, Michelle Johnson, Tiange Luseni, and Lisa Peterson, individually and on behalf of other similarly situated individuals

By: */s/ Richard E. Hayber*_____
Richard E. Hayber
Hayber Law Firm, LLC
221 Main Street, Suite 502 Hartford, CT 06106
Fed Bar No.: ct11629
(860) 522-8888 telephone
(860) 218-9555 facsimile
rhayber@hayberlawfirm.com


___/s/ *Gary Phelan*_____
Gary Phelan
Mitchell & Sheahan, P.C.
80 Ferry Boulevard
Stratford, CT 06615
Fed Bar No.: ct03670
Ph: (203) 873-0240
F: (203) 873-0235
gphelan@mitchellandsheahan.com


Shannon Liss-Riordan,
*pro hac vice forthcoming*
Peter Delano,
*pro hac vice forthcoming*
LICHTEN & LISS-RIORDAN P.C.
729 Boylston St., Suite 2000
Boston, Massachusetts 02116
Telephone: (617) 994-5800
Facsimile: (617) 994-5801
sliss@llrlaw.com
pdelano@llrlaw.com

## CERTIFICATION OF SERVICE

       I hereby certify that on MAY 4, 2018, a copy of the foregoing AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT was filed electronically [and service made by certified mail to anyone unable to accept electronic filing]. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system [or by certified mail for anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

                                                     /s/ Richard E. Hayber
                                                     Richard E. Hayber