UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STACY COLLINS, TIANGE LUSENI, and LISA PETERSON, individually and on behalf of other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>KOHL'S DEPARTMENT STORES, INC. and KOHL'S CORPORATION,<br><br>Defendants. | Case No. 3:18-cv-00065-VAB |

## DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO STRIKE CLASS AND COLLECTIVE ACTION ALLEGATIONS

Defendants, KOHL'S DEPARTMENT STORES, INC. ("Kohl's) and KOHL'S CORPORATION (collectively, "Defendants"), by and through their undersigned counsel and pursuant to Federal Rules of Civil Procedure 12(f), 23(c)(1)(A), and 23(d)(1)(D), file their Reply ("Reply") in Response to Plaintiffs' Opposition, Doc. 47 ("Opposition"), to Defendants' Motion to Strike Class and Collective Action Allegations, Doc. 48 ("Motion"), from the Amended Collective and Class Action Complaint, Doc. 34 ("Amended Complaint"), filed by Plaintiffs, STACY COLLINS ("Collins"), TIANGE LUSENI ("Luseni"), and LISA PETERSON ("Peterson") (collectively, "Plaintiffs").[1]

## INTRODUCTION

Plaintiffs argue that this Court should wait months to act on a conclusion that can be drawn today. That is, Plaintiffs cannot demonstrate that the claims of other Assistant Store Managers

---

[1] Defendants will be filing a separate response to Plaintiff's Motion for Preliminary Certification and for Notice to be Issued Pursuant to 29 U.S.C. § 216(b) (Doc. 47).

("ASMs"), whether based in Connecticut, New York, Massachusetts, or anywhere else in the country, fairly rise and fall with their own claims such that class certification under Federal Rule of Civil Procedure 23 is appropriate, or are similarly situated to Plaintiffs such that conditional certification under Section 216(b) of the Fair Labor Standards Act ("FLSA") is appropriate. Based on Plaintiffs' own representations, determination of the ASMs' individual claims require an individualized inquiry into the application of a valid company policy in the individual stores. Given this, class certification, regardless of whether it is for state or federal claims, should be denied. This conclusion is inevitable, and further discovery is futile.

## **MEMORANDUM OF LAW**

**A.  Plaintiffs Concede That Their Class and Collective Claims are Premised on Individual Practices by Local Employees at their Respective Retail Stores – Rather Than a "Uniform Employment Practice."**

The Supreme Court has made clear that the party *seeking* class certification—here, the Plaintiffs—bears the burden of proving that class certification is appropriate. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-51 (2011) ("A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc."). Moreover, "[t]he class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Id.* at 348 (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979)).

Plaintiffs suggest that this Court should wait to grant Defendants' Motion until after discovery or a motion for class certification has been filed. *See* Opposition at pp. 7-12. However, at no point do they explain *why* the Court should wait. *See id*. Plaintiffs state, in conclusory fashion, that courts in the Second Circuit "overwhelmingly reject" motions to strike class and collective allegations prior to discovery. *See* Opposition at p. 5. Plaintiffs fail to address why the

2

Court should delay the inevitable striking of class and collective allegations in *this* case. Indeed, in *this* case, Plaintiffs have conceded that their putative class and collective claims are not based on a Kohl's formal corporate policy pertaining to ASMs, but on their intention to prove the existence of a "de facto policy" based on anecdotal evidence that they hope to gather about "what actually happens in the stores." Transcript of May 24, 2018 Hearing ("Hearing Transcript"), attached as **Exhibit A**, at 47:8-20 & 29:7-16.

Plaintiffs' claim is the antithesis of a class action. *Dukes*, 564 U.S. at 355. In *Dukes*, the Supreme Court held that a class of employees allegedly discriminated against could not be certified where "Wal-Mart's announced policy forbids sex discrimination" and evidence showed that individual store supervisors had discretion over employment matters in their own stores:

> The only corporate policy that the plaintiffs' evidence convincingly establishes is Wal–Mart's "policy" of *allowing discretion* by local supervisors over employment matters. On its face, of course, that is just the opposite of a uniform employment practice that would provide the commonality needed for a class action; it is a policy *against having* uniform employment practices. It is also a very common and presumptively reasonable way of doing business—one that we have said "should itself raise no inference of discriminatory conduct."

*Dukes*, 564 U.S. at 355; *see also Bolden v. Walsh Const. Co.*, 688 F.3d 893, 897-898 (7th Cir. 2012) (holding that the district court erred in certifying a class of employees who allegedly were discriminated against by their employer at 262 construction project sites throughout the Chicago area where the employer had no company-wide policy other than one that expressly prohibited discrimination and plaintiff was trying to establish a policy by individual practices at the sites).

Just like *Dukes* and *Bolden*, Plaintiffs have explained that their class and collective claims are dependent upon discovery into the individual practices by local employees at their respective retail stores – not "a uniform employment practice that would provide the commonality needed for a class action":

3

> THE COURT: Just to make sure I'm clear on your point, what you are saying is, look, in terms of what you all would try as a case, we've got all of these witnesses who are going to talk about what they do, and while there may be witnesses who are going to come from the corporate level in Kohl's, it's going to be relatively the policies that they have, but the meat of your case is really the people who are doing the jobs.
>
> MR. HAYBER: Correct, how those policies are actually carried out, what actually happens in the stores.

Hearing Transcript at 19:7-18.

Plaintiffs elaborated on the highly individualized discovery at the store level that they need for their putative class and collective claims:

> MR. HAYBER: … So these assistant managers -- the question in these cases is whether [the ASMs'] primary duty is management, and . . . what that question requires in terms of evidence and witnesses is a development of how those corporate policies are carried out in the stores. The assistant managers themselves testify. The hourly people below them testify. Their store managers above them testify, who are located around the country, not at corporate headquarters. The district managers above them testify, who are in the districts, not in corporate headquarters. Sometimes the regional managers testify, who are not in Wisconsin, they're in regions around the country. Those are the people who will have personal knowledge of what the primary responsibility of these plaintiffs are, and they are not in Wisconsin.

Hearing Transcript at 27:25-28:16.

In light of Plaintiffs' explanation that their class and collective claims are premised on individual practices by local employees at their respective retail stores, this action is not appropriate for class or collective treatment and, accordingly, such allegations should be stricken.

Notably, Plaintiffs failed to address the fact that Plaintiffs were collectively employed in only four of the seven distinct ASM positions. *Compare* Am. Compl. at ¶¶ 12-14, *with* Declaration

of Brenda Dewees, Doc. 48-2, at ¶ 3.[2] This further supports Defendants' assertions that Plaintiffs are not appropriate representatives of the class they purport to represent. *See E. Texas Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977) (A "class representative must be part of the class and possess the same interest and suffer the same injury as the class members." (internal citation and quotations omitted)); *Arceneaux v. Fitness Connection Option Holdings, LLC*, No. 4:16-CV-3418, 2017 WL 5749608, at *7–8 (S.D. Tex. Nov. 28, 2017) (denying conditional certification where plaintiffs attempted "to consolidate varied job titles into a single class" and "Plaintiffs' descriptions of their responsibilities reveal a likelihood of meaningful differences among their various positions"). At a minimum, Plaintiffs' inclusion of ASM positions other than those held by Plaintiffs in this action should not be allowed.

1. **The Requisite Individualized Inquiry Demonstrates That No Plaintiff Can Meet Rule 23's "Commonality" or "Typicality" Requirements.**

The relevant inquiry is whether "it is plausible that plaintiffs will come forth with sufficient evidence at the class certification stage to demonstrate commonality." *Kassman v. KPMG LLP*, 925 F. Supp. 2d 453, 464 (S.D.N.Y. 2013) (citation omitted). The court in *Kassman* found that the conclusory allegations of the complaint were *not* sufficient, by themselves, to defeat the defendant's motion to strike or dismiss. *See id.* Instead, the court pointed to the plaintiffs' allegations that "several specific headquarters-level policies resulted in discrimination" to find that the plaintiffs' claims survived the motion to dismiss or strike. *See id.* (emphasis added).

In the present case, however, Plaintiffs do not argue that the Defendants' headquarters-level policies were facially unlawful. *See* Hearing Transcript at 47:8:20 (claiming the fact that

---

[2] Plaintiffs assert that "Defendants rely (improperly) on a declaration to support its Rule 12 motion…." (Doc. 53 at 16.) Defendants' motion, however, is also brought pursuant to Rule 23, and it is well settled that the court can consider materials outside the pleadings on a Rule 23 motion. *See, e.g.*, *Dukes*, 564 U.S. at 350 ("Rule 23 does not set forth a mere pleading standard.").

Defendants "have position descriptions, which on their face don't violate the law . . ." does not change the argument that the way the policies are "being rolled out in the stores" allegedly violates the FLSA). Plaintiffs are arguing that the way in which Kohl's lawful headquarters-level policies were applied in the individual stores violated the FLSA. *Id.* As the conclusory allegations in the Amended Complaint, alone, are not sufficient to support the commonality requirement, Plaintiffs, based on their own arguments, cannot meet the commonality factor required for class certification.

Similarly, Plaintiffs, who worked at six discrete stores in the Northeast, cannot allege to have claims typical to members of the purported class on the one hand, while arguing that the purported class members' claims require an analysis of the application of Defendants' lawful policies at each of Kohl's approximately 1,155 stores, on the other hand. Once again, the determination of the purported class members' claims would require an individualized inquiry into the application of Kohl's lawful policy at each of its stores, which, in turn, demonstrates Plaintiffs' inability to establish the typicality requirement under Rule 23. For these reasons, Plaintiffs' class and collective allegations should be stricken.

### 2. The Individualized Analysis Necessary to Determine The Case's Substantive Issues Makes Conditional Certification Inappropriate.

Plaintiffs cannot represent that they are similarly situated to the purported class members under Section 216(b) of the FLSA. As discussed above, determination of the putative class members' claims requires an individualized inquiry into the application of Kohl's lawful policies to each class member at each store. Plaintiffs worked in a total of 6 stores out of approximately 1,155. Plaintiffs claim that the determination of the substantive issue in this matter (*i.e.*, whether each ASM's primary duty is management) requires "development of how those corporate policies are carried out in the stores." Hearing Transcript at 27:25-28:5. In making this determination, Plaintiffs acknowledge the relevant witnesses (those with the requisite knowledge) are the

6

purported class members, the store managers above them, and the hourly workers below them. *Id.* at 28:6-16.  In acknowledging that the witnesses with the requisite knowledge are those in the stores, Plaintiffs recognize that the claims must be assessed on a case-by-case basis.  Plaintiffs do not, and cannot, claim that they are similarly situated to those they purport to represent, where application of Kohl's lawful policies must be assessed store-by-store, and case-by-case, and Plaintiffs were only employed at 6 of the approximately 1,155 stores.  Consequently, Plaintiffs' collective action allegations must be stricken in their entirety.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court strike Plaintiffs' class and collective action allegations in full or, in the alterative, strike Plaintiffs' class and collective action allegations regarding any and all assistant store manager positions other than those distinct positions actually held by each respective Plaintiff throughout her employment with Kohl's and in only those stores in which the each named Plaintiff was employed.

Dated:  June 6, 2018

Respectfully submitted,

KOHL'S DEPARTMENT STORES, INC.
and KOHL'S CORPORATION

By: */s/ Joel C. Griswold*
Joel C. Griswold (PHV08268)
jcgriswold@bakerlaw.com
BAKER HOSTETLER LLP
200 S. Orange Ave., Ste. 2300
Orlando, FL 32801
Telephone:  407-649-4000
Facsimile:  407-841-0168

Bonnie Keane DelGobbo (PHV4527263)
BAKER & HOSTETLER LLP
191 N. Wacker Dr., Suite 3100
Chicago, IL  60606

Telephone: 312-416-6200
Facsimile: 312-416-6201
bdelgobbo@bakerlaw.com

Saima Z. Sheikh (ct28988)
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, NY 10111-0100
Telephone: 212-589-4243
Facsimile: 212-589-4201
ssheikh@bakerlaw.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 6, 2018, a copy of the foregoing DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO STRIKE CLASS AND COLLECTIVE ACTION ALLEGATIONS FROM PLAINTIFFS' AMENDED COMPLAINT was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

> */s/ Joel C. Griswold*
> Joel C. Griswold (PHV08268)
> jcgriswold@bakerlaw.com
> BAKER HOSTETLER LLP
> 200 S. Orange Ave., Ste. 2300
> Orlando, FL 32801
> Telephone: 407-649-4000
> Facsimile: 407-841-0168