UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**STACY COLLINS,**

    Plaintiff,

v.                                                 **Case No. 18-CV-962**

**KOHL'S DEPARTMENT STORES, INC.,
and KOHL'S CORPORATION,**

    Defendants.

## SCHEDULING ORDER

On August 21, 2018, the Court conducted a scheduling conference in accordance with Fed. R. Civ. P. 16. Appearing on behalf of the plaintiff was Attorney Richard E. Haybar and Larry A. Johnson; appearing on behalf of the defendant was Attorney Joel C. Griswold. The parties are advised to review this Order carefully and to seek guidance promptly from the Court if any provision herein causes confusion or uncertainty.

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

1. The parties shall make their Fed. R. Civ. P. 26(a)(1) initial disclosures no later than **August 17, 2018.**

2. The parties may join other parties and amend the pleadings no later than **September 14, 2018.**

3. The plaintiff's motion to seek certification of a Rule 23 class or Defendant's motion to seek decertification of a conditional FLSA class shall be filed no later

than **March 29, 2019.** A week after the motion is fully briefed, the parties are directed to contact the Court to schedule a hearing.

4. All requests for discovery must be served by a date sufficiently early so that all discovery in this case can be completed no later than **October 11, 2019**. Depositions shall be conducted in a manner consistent with the Court's Deposition Procedures (attached). If the parties are unable to resolve any discovery disputes through the meet-and-confer process required by Civil L.R. 37, the parties must promptly bring such disputes to the Court's attention through a pre-motion conference. The Court will either resolve the dispute during the conference or will request focused briefing to resolve the dispute quickly.

5. All dispositive motions, together with briefs, are to be filed in accordance with Civil L.R. 56 (E.D. Wis.) and not later than **October 25, 2019.** Unless permission is sought and received prior to filing, principal briefs in support of and in opposition to summary judgment shall not exceed 8,000 words, and reply briefs shall not exceed 4,000 words. Words shall be counted in the manner specified in Fed. R. App. P. 32(f). These word limitations replace the page limits specified by Civil L.R. 56(b)(8)(A). A week after the motion is fully briefed, the parties are directed to contact the Court to schedule a hearing.

6. The provisions of Fed. R. Evid. 502(d) are in effect for this case and are to be construed liberally to effect its protections.

Dated at Milwaukee, Wisconsin, this 23rd day of August, 2018.

                                    **BY THE COURT:**

                                    *s/ David E. Jones*
                                    DAVID E. JONES
                                    United States Magistrate Judge