UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STACY COLLINS,

        Plaintiff,    Case No. 18-CV-962

v.

**MINUTE SHEET**

KOHL'S DEPARTMENT STORES,
INC., and KOHL'S CORPORATION,

        Defendants.

---

**Hon. David E. Jones, presiding.**    **Deputy Clerk:** Katina Hubacz
**Type of Proceeding:** TELEPHONIC ORAL DECISION HEARING
**Date:** March 25, 2019 at 10:30 AM    **Court Reporter:** Liberty
**Time Commenced:** 10:31:49    **Time Concluded:** 11:27:33

**Appearances:**    **Plaintiff:**    Shannon Liss-Riordan, Michelle Cassorla
        **Defendants:**  Joel C. Griswold

**Comments:**
Here to discuss Motion to Certify Class (ECF No. 68).
Court:
- Will grant preliminary certification
- In this district, aware of at least 2 times granted conditional certification and then decided after discovery would not go forward that way and then had to decertify
- Asked to decide whether there can be a class shown that is similarly situated – feel there is potential for a class to be shown
- Tom v. Generac Power Systems Inc 18-3696607 Westlaw ED-WI
- Going to implement two step certification – found reasonable basis for believing class of individuals are similarly situated and notice to opt-in is appropriate and will be provided
- Notice: will require an additional step – when opt in, need to sign a statement under penalty of perjury to answer this question: certify spent **more than half of time** engaged in non-management activities of store including, but not limited to, unloading trucks, moving freight, doing ad secs, cash register duties or filling online orders.
- Fair question for opt-ins. Got question from Johnson deposition. Aware that Plaintiff objects to this.
- Parties provided separate schedules which will discuss

Plaintiff:
- Have in house people who handle all the notices, opt ins, etc rather than using a third party – find it more efficient

Defendant:
- Would request third party administrator
- Privacy interests – confidential information
- Been reaching out via Facebook ads, etc for advertisement – if have no control of what gets sent out now, could have issues with this – need message to be very clear
- Case does have protective order in place but doesn't address these concerns – could explore another protective order to encompass this
- Ex: class information given to plaintiff's counsel – notes went out and some who had arbitration agreements – tends to breed additional litigation when gain extra information
- Kohl's does not have arbitration agreements as part of employment contracts

**4/15/2019** – Defts to produce last know mailing addresses, email addresses, text message addresses to Plaintiffs (not third party administrator)
Opt in period will be for **60 days** from when notice goes out. Plaintiff to decide when reminder notice should go out. Advise court by filing a notice with date notice went out and date period closes will be 60 days out from that date. Then Court will enter a text only order confirming date for complying (60 days out).
Plaintiff:
- Finding text messages is more effective way to communicate – more likely for people to see it
- Aware of privacy concerns

Defendant:
- Feels text messages may be lead to privacy concerns – have litigation regarding this
- Not transient group of people

Discussion about Defendant's deadline to produce personnel files and payroll records of all opt ins by 9/3/2019.
Defendant:
- Objection – many will not participate in discovery – decent portion of opt ins will drop out – no way to tell who performed the work – most won't want to participate if need to do additional work/discovery

Plaintiff:
- Specificity – do believe is appropriate – expect by agreement how many opt in plaintiffs will need to participate in discovery – not expectation for everyone to participate in discovery – Deft should be required to turn over – opt ins will be on a rolling basis – think should have date to provide this preliminary information (files, payroll records etc) to make more efficient process. Compromise would be to just get payroll records. Would ask to not wait until next status to get this process going.

Court:
- Will adopt plaintiff's proposed structure for dates but will reserve setting dates until next hearing

Plaintiff:
- Confirms Deft should be gathering information during this process so once determine class size, will have the information ready to go

Defendant:
- If plaintiffs are demanding to produce documents for all opt-ins – are we saying they (Plaintiffs) are producing discovery for all opt ins – would this be a reciprocal process?

Plaintiff:
- Not a reciprocal process – courts do not require all opt ins to produce discovery – can serve as a deterrent – any discovery not be until end of opt-in period
- Point out dates proposed kept in mind an early 2020 trial date

Defendant:
- Parties submitted competing notice forms – ask which form should be using
- Will be going out in multiple formats

Court:
- Will not require anything be produced until status conference in June
- Ask to gather information to get ready to produce but do not need to produce yet
- Need realistic dates for production
- **Ask to resubmit opt ins designation and proposed reminder notice and draft of reminder card first week of April – will review and discuss at 4/11/2019 hearing**

Defendant:
- Confirms scope of notice should be 3 year period from when filed motion

**Telephonic Conference to discuss proposed notice set for: 4/11/2019 at 9:30 a.m.**

**Telephonic Status Conference set for: 6/19/2019 at 2:00 p.m. or 6/20/2019 at 10:30 a.m.**

Plaintiff to let Courtroom Deputy (Katina_Hubacz@wied.uscourts.gov) know which date will not work and the other date will be the hearing date.