# EXHIBIT A

## JOINT STIPULATION OF SETTLEMENT AND RELEASE

All Plaintiffs who have filed consents in the matter of *Collins v. Kohl's Department Stores, Inc.*, 2:18-cv-00962 (E.D. Wis.)("*Collins* Litigation") as of the date that the Court enters an Order approving this settlement ("Plaintiffs"), and Defendants Kohl's Inc. (f/k/a Kohl's Department Stores, Inc.) and its subsidiaries and affiliates ("Kohl's") and Kohl's Corporation ("KC") (collectively, "Defendants") stipulate to entry of an Order approving this stipulation of settlement for the resolution of all claims related to compensation and all litigation between the Parties, including, but not limited to, the *Collins* Litigation (collectively, the "Actions") ("Stipulation").

## RECITALS

**WHEREAS**, Plaintiffs have alleged claims against Defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and applicable state laws, for alleged unpaid overtime compensation, liquidated damages, attorneys' fees and costs.

**WHEREAS**, Defendants deny all of the allegations made by Named Plaintiffs in the Actions and deny that they are liable or owe damages to anyone with respect to the alleged facts or causes of action asserted in the Actions. Nonetheless, without admitting or conceding any liability or damages whatsoever, Defendants have agreed to settle the Actions on the terms and conditions set forth in this Stipulation, to avoid the burden, expense, and uncertainty of continuing the Actions;

**WHEREAS**, on May 4, 2020, the Parties participated in a mediation session which was conducted by experienced mediator Michael J. Leech, and continued negotiations thereafter until reaching a binding agreement to settle Plaintiffs' claims and to resolve all the Actions, on the terms set forth in this Stipulation;

**NOW, THEREFORE**, in consideration of the mutual covenants and promises set forth in this Stipulation, as well as the good and valuable consideration provided for herein, the Parties agree to a full and complete settlement of the Actions on the following terms and conditions.

### SETTLEMENT TERMS

1. **Definitions**

    a. "Actions" means, collectively, the *Collins* Litigation; *Jimenez v. Kohl's Department Stores, Inc.*, 2:20-cv-01247 (E.D. Wis.); *Graziano v. Kohl's Department Stores, Inc.*, 2:20-cv-01315 (E.D. Wis.); *Budnick v. Kohl's Department Stores, Inc.*, 3:20-cv-01395 (D. Conn.); *Sanchez v. Kohl's Department Stores, Inc.*, 2:20-cv-10840 (D. N.J.); *Portillo v. Kohl's Department Stores, Inc.*, 2:20-c-07391 (C.D. Cal.).

**Error! Unknown document property name.**

b. "Approval Date" means the date on which the motion to approve the terms of the Stipulation is granted.

c. "Court" means the United States District Court for the Eastern District of Wisconsin.

d. "Defendants" means, collectively, Defendants Kohl's Inc. (f/k/a Kohl's Department Stores, Inc.) and its subsidiaries and affiliates ("Kohl's") and Kohl's Corporation ("KC").

e. "Effective Date" means the date on which all of the following have occurred: (1) the Court has entered the Approval Order in which it dismisses the *Collins* Litigation with prejudice and the time for an appeal from such Approval Order has expired or all appeals have been exhausted, (2) orders have been entered in all the Actions dismissing the Actions with prejudice and the time for an appeal from all such orders has expired or all appeals have been exhausted.

f. "Employer Payroll Taxes" means all taxes and withholdings an employer is required to make arising out of or based upon the payment of employment/wage compensation in the Actions, including FICA, FUTA, and SUTA obligations.

g. "Gross Settlement Amount" means an amount up to Two Million, Nine Hundred Thousand Dollars ($2,900,000.00), which is the maximum amount that Defendants have agreed to pay to fully resolve and settle the Actions, including any claim for attorneys' fees and costs approved by the Court; any and all amounts to be paid to Plaintiffs; the cost of settlement administration; and any Court-approved Service Payments. Defendants will not be required to pay any more than the gross total of Two Million, Nine Hundred Thousand Dollars ($2,900,000.00), exclusive of the Employer Payroll Taxes. The Gross Settlement Amount may be reduced on a pro rata basis below the $2,900,000 if, by twelve (12) months from the Approval Date, Defendants have received signed Releases from less than ninety-three percent (93%) of the Plaintiffs, in the event that Defendants decide not to rescind the Stipulation.

h. "Individual Settlement Payment" means a reasonable approximation of each Plaintiff's estimated potential damages as determined by dividing the Net Settlement Fund by the total number of workweeks worked by all Plaintiffs and then multiplying that amount by the number of workweeks worked by an individual Plaintiff to arrive at that individual Plaintiff's respective Individual Settlement Payment. Only Plaintiffs who return a signed Release will be eligible to receive an Individual Settlement Payment.

i. "Net Settlement Fund" means the remainder of the Gross Settlement Amount after deductions/payments for Court-approved: (i) Settlement Administration

**Error! Unknown document property name.**

fees and costs; (ii) Plaintiffs' Counsel's attorneys' fees and costs; and (iii) Service Payments to Named Plaintiff and Service Payment Recipients.

j. "Order Granting Approval of Settlement" or "Approval Order" means an order to be approved and entered by the Court, which approves the Settlement and this Stipulation, and enters final judgment, in a form substantially similar to the Proposed Order and Judgment Approving Settlement, attached hereto as Exhibit A.

k. "Plaintiffs" means all current and former individuals who filed have filed consents to participate in the *Collins* Litigation before the Court enters the Approval Order, regardless of whether they have since filed or participated in another lawsuit against one or more of the Defendants. All individuals who have indicated an intent to opt-in to the *Collins* Litigation or assert one of the Released Claims against Defendants, but who have not yet filed a consent, must file their consent in the *Collins* Litigation before entry of the Approval Order.

l. "Plaintiffs' Counsel" means Lichten & Liss-Riordan, P.C., Hayber, McKenna & Dinsmore, LLC, and Mitchell & Sheahan PC.

m. "Qualified Settlement Fund" or "QSF" means the account established by the Settlement Administrator from the Gross Settlement Amount paid by Defendants. The QSF will be controlled by the Settlement Administrator subject to the terms of this Stipulation and the Court's order(s). Interest, if any, earned on any monies in the QSF will become part of the Net Settlement Fund.

n. "Settlement" means the settlement between the Parties embodied and contained in this Stipulation.

o. "Settlement Administrator" means Simpluris, Inc.

p. "Settlement Check" means the check issued by the Settlement Administrator to each eligible Plaintiff who timely returns a signed Release for his or her proportionate share of the Net Settlement Fund calculated in accordance with this Stipulation.

q. "Service Payment Recipients" or "Named Plaintiffs" means Plaintiffs Stacy Collins, Tiange Luseni, Lisa Peterson, Michele Johnson, Duane Budnick, Aaron Matthew Brown, Jenna Graziano, Oscar Sanchez, Delmy Portillo, and Tony Jimenez, to the extent that they are approved by the Court to receive a Service Payment and have returned to Defendants a signed General Release as set forth in Paragraph 2c. of this Stipulation.

**Error! Unknown document property name.**

r. "Service Payment" means an amount approved by the Court to be paid to the Service Payment Recipients in addition to their respective Individual Settlement Payments, in an amount not to exceed $20,000 for Plaintiff Stacy Collins (who initiated the *Collins* Litigation), $10,000 for Lisa Peterson, Tiange Luseni, Delmy Portillo, and Michele Johnson, and $5,000 for each of the remaining Service Payment Recipients.

s. "Stipulation" means this settlement agreement and exhibits hereto, which the Parties understand and agree set forth all material terms and conditions of the settlement between them and which is subject to Court approval, and which is titled the "Joint Stipulation of Settlement and Release."

## 2. Release.

a. Within 10 (ten) days following entry of the Approval Order, Plaintiffs' Counsel or the Settlement Administrator shall notify all Plaintiffs by email (or by first-class mail, if the email is returned as undeliverable) that a Settlement has been reached and inform Plaintiffs that, in order to participate in the Settlement they will need to accept, sign, and return a copy of the following release ("Release"):

"I release Kohl's, Inc. (f/k/a Kohl's Department Stores, Inc.) and Kohl's Corporation (collectively, 'Kohl's'), together with all of their respective former and current officers, directors, agents, attorneys, parents, subsidiaries, predecessors, successors, owners, shareholders, and related and affiliated entities ('Released Parties'), from all federal, state, and local claims, rights, demands, liabilities, and causes of action relating to unpaid overtime compensation, minimum wage compensation, liquidated damages, interest, attorneys' fees, and expenses including claims arising out of or related to the Fair Labor Standards Act and any similar state and local claims pertaining to my compensation, from the beginning of time through the date an order is entered dismissing the Actions with prejudice.

I agree, represent, and warrant that the Individual Settlement Payment and the amounts allocated to fees and costs include any and all overtime compensation, minimum wage compensation, liquidated damages, attorneys' fees, costs, interest, or other monies to which I may have been entitled to receive or recover under the FLSA and any similar state or local claims in connection with each my employment with Kohl's. I acknowledge and agree that the payments offered to me under the terms of the Stipulation of Settlement represent good and valuable consideration to which I would not otherwise be entitled.

**Error! Unknown document property name.**

I represent and warrant that I am the sole and lawful owner of all rights, titles and interests in and to all released matters, claims and demands referred to herein. I further represent and warrant that I have not assigned or transferred any interest in any such matters, claims or demands that I may have against the Released Parties.

I understand that Kohl's has expected and continues to expect that the primary and most important duties of my position as an Assistant Store Manager at Kohl's have been and, if still employed, continue to be the performance of managerial activities. If I fail to perform managerial activities as my primary and most important duties during any week while employed as an Assistant Store Manager at Kohl's, I will notify my Store Manager and Human Resources in writing within twenty-four (24) hours of the completion of such workweek. I understand and agree that, as an Assistant Store Manager at Kohl's, I have been and, if still employed, will be paid a fixed salary that compensates me for all hours worked, regardless of the number of hours that I work, and that my hours of work will vary."

    b. Only Plaintiffs who timely return a valid and signed Release shall be eligible to receive an Individual Settlement Payment. Any Plaintiffs who return a valid and signed Release for up to twelve (12) months following the entry of the Approval Order shall be eligible to receive an Individual Settlement Payment so long as Defendants receive signed Releases from at least ninety-three percent (93%) of the Plaintiffs or Defendants decide not to rescind the Stipulation in the event that they receive signed Releases from less than ninety-three percent (93%) of the Plaintiffs.

    c. In addition to the foregoing Release, Service Payment Recipients will sign a General Release as consideration for receiving a Service Payment, which provides as follows ("General Release"):

"I, on behalf of myself and my respective agents, representatives, predecessors, successors, and assigns ("General Releasing Parties") hereby fully, finally and forever release, relinquish and discharge Kohl's, Inc. (f/k/a Kohl's Department Stores, Inc.) and Kohl's Corporation (collectively, 'Kohl's'), together with all of their respective former and current officers, directors, agents, attorneys, parents, subsidiaries, predecessors, successors, owners, shareholders, and related and affiliated entities ('General Released Parties'), from any and all charges, claims, demands, actions, liens, causes of action and liabilities of any kind whatsoever, whether known or unknown, suspected or unsuspected, which any of them now have, may have, or has ever had, including, but not limited to, any matters related to the Litigation, employment relationship, or the termination of it, including, but not limited to, any matter related to employee handbooks, policies, guidelines, rules, and materials, compensation, breaks or rest periods, termination of employment, harassment, and claims arising under the Fair Credit Reporting Act, Fair and Accurate Credit Transactions Act, Uniform Trade

**Error! Unknown document property name.**

Secrets Act, the Civil Rights Act of 1964 (Title VII), the Civil Rights Acts of 1866, 1871, and 1991, the Equal Pay Act, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Family Medical Leave Act, the Fair Labor Standards Act, the Employee Retirement Income Security Act, the Rehabilitation Act, the Uniformed Services Employment and Reemployment Rights Act, Consolidated Omnibus Budget Reconciliation Act (COBRA), Davis-Bacon Act, Drug Free Workplace Act of 1988, Electronic Communications Privacy Act of 1986, Employee Polygraph Protection Act of 1988, Federal Omnibus Crime Control and Safe Streets Act of 1968, the Hate Crimes Prevention Act of 1999, The Occupational Safety and Health Act, Omnibus Transportation Employee Testing Act of 1991, Privacy Act of 1993, The Sarbanes-Oxley Act, Veterans Reemployment Rights Act, Worker Adjustment and Retraining Notification Act (WARN), the Minnesota Fair Credit Reporting Act, and any other federal, state, county or municipal statute, law, rule, regulation or ordinance relating to consumer reports, background checks, credit checks, employment discrimination, employment benefits, wage and hour, compensation, or employment law, and all other statutory and common law claims, penalties, liquidated damages, interest, compensatory damages, punitive damages, or any other item of damages, and attorneys' fees, costs and expenses ("General Released Claims"). General Releasing Parties agree not to file a lawsuit, demand, charge, complaint, or claim to assert any General Released Claims and agrees not to participate in any lawsuit or class or collective action based on such claims.

General Releasing Parties expressly waive and relinquish any rights and benefits afforded by Section 1542 of the California Civil Code, as well as any other similar provision of any other federal, state, or local law, and does so understanding and acknowledging the significance and consequence of such specific waiver of Section 1542, which reads as follows:

SECTION 1542. A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT NOW KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Notwithstanding the foregoing, nothing in this Agreement shall be construed to waive any right that is not subject to waiver by private agreement. Nor shall anything in this Agreement affect the EEOC's rights and responsibilities to enforce the Civil Rights Act of 1964, as amended, or any other applicable law, nor shall anything in this Agreement be construed as a basis for interfering with my protected right to file a timely charge with, or participate in an investigation or proceeding conducted by the EEOC or any other state, federal or local government entity."

**Error! Unknown document property name.**

### 3. Settlement Payments

#### a. Gross Settlement Amount

Defendants agree to pay a non-reversionary total of up to Two Million, Nine Hundred Thousand Dollars ($2,900,000.00), which is the maximum amount that Defendants have agreed to pay to fully resolve and settle the Actions, including any claim for attorneys' fees and costs approved by the Court; any and all amounts to be paid to Plaintiffs; the cost of settlement administration; and any Court-approved Service Payments. Defendants will not be required to pay any more than the gross total of Two Million, Nine Hundred Thousand Dollars ($2,900,000.00), exclusive of the Employer Payroll Taxes.

#### b. Individual Settlement Payment

Defendants will provide Plaintiffs' Counsel the dates of employment within the class period for those Plaintiffs that were not previously produced and Plaintiff's Counsel will then provide Defendants with a schedule identifying each Plaintiff's respective Individual Settlement Payment. The Individual Settlement Payment shall be calculated by dividing the Net Settlement Fund by the total number of workweeks worked by all Plaintiffs during the period January 11, 2015 to present and then multiplying that amount by the number of workweeks worked by an individual Plaintiff to arrive at that individual Plaintiff's respective Individual Settlement Payment. Only Plaintiffs who return a signed Release will be eligible to receive an Individual Settlement Payment.

For tax purposes, 50% of each Individual Settlement Payment shall be treated as back wages and 50% shall be treated as non-wage compensation. Payments treated as back wages shall be made less all applicable employment taxes, including, without limitation, federal, state and local income tax withholding and the employee share of the FICA tax, and shall be reported to the Internal Revenue Service ("IRS") and the payee under the payee's name and Social Security number on an IRS Form W-2. No deductions shall be made from the payments treated as non-wage compensation for which an IRS 1099 will be issued.

#### c. Plaintiffs' Attorneys' Fees and Costs

In the Approval Motion, Plaintiffs shall ask the Court to approve payment of one-third (1/3) of the Gross Settlement Amount as an award of Plaintiffs' attorneys' fees in the Actions. In addition, Plaintiffs' Counsel shall seek reimbursement of reasonable actual case-related costs and expenses, in an amount not to exceed $35,000, from the Gross Settlement Amount. These amounts shall constitute full satisfaction of any claim for attorneys' fees and costs, and Plaintiffs agree that they shall not seek, nor be entitled to, any additional attorneys' fees or costs under any theory or from any source, incurred in relation to the Actions other than for any action to enforce the terms of this Stipulation. Plaintiffs' Counsel will provide a Form W-9 to Defendants as a condition of payment of any of these amounts to Plaintiffs' Counsel. Defendants shall be under no obligation to pay to anyone any money requested for attorneys' fees or costs that is not approved by the Court and all fees and costs shall be awarded out of the Gross Settlement Amount. Payments of attorneys' fees and costs shall be made without withholding and shall be reported to the IRS and to each of Plaintiffs' Counsel payees under the payee's name and

**Error! Unknown document property name.**

taxpayer identification number, which each such payee shall provide for this purpose, on an IRS Form 1099.

### d. Service Payments

In the Approval Motion, Service Payment Recipients will apply to the Court to receive the Service Payments, which shall be paid from the Gross Settlement Amount. These Service Payments shall be in addition to the Service Payment Recipients' respective Individual Settlement Payments. Defendants shall be under no obligation to pay to anyone any money requested as a Service Payment that is not approved by the Court and all Service Payments shall be awarded out of the Gross Settlement Amount. Service payments will be treated as non-wage compensation, from which no deductions shall be made, and for which an IRS 1099 will be issued.

### e. Tax Treatment

The Plaintiff's portion of all applicable income and payroll taxes will be the sole responsibility of the Plaintiff receiving a Settlement Check or Service Payment. The Parties make no representations, and it is understood and agreed that the Parties have made no representations, as to the taxability of any portions of the settlement payments to any Plaintiff, the payment of any costs or award of attorneys' fees, or any payments to the Service Payment Recipients. The Settlement Notice will advise Plaintiff to seek their own tax advice prior to acting in response to that Settlement Notice. Neither Plaintiffs' Counsel nor Defendants' Counsel intend anything contained herein to constitute legal advice regarding the taxability of any amount paid hereunder, nor will it be relied upon as such.

The Settlement Administrator shall be responsible for determining the appropriate number of exemptions to be used in calculating payroll tax and withholding, deciding the appropriate tax rate, issuing the Settlement Checks, and issuing IRS Forms W-2 and Form 1099.

### f. No Impact on Benefits

None of the amounts paid under this Stipulation shall create any credit for, be included in, or otherwise affect the calculation or the accrual of any employee benefits in any plans, programs, agreements or policies sponsored, maintained or contributed to by Defendants, including for purposes of any bonus of any kind.

### 4. Court Approval and Dismissal of Actions

The Parties shall submit the Stipulation to the Court for approval in the *Collins* Litigation. The Parties will use a one-step approval process. If more than 7 percent (7%) of Plaintiffs fail to sign and return a Release within twelve (12) months from the Approval Date, the Parties will discuss how to proceed, and Defendants will have the option of rescinding this Stipulation or reducing the overall Gross Settlement Amount on a pro rata basis for every percent below one hundred percent (100%). Once Releases have been returned by ninety-three percent (93%) of the Plaintiffs or twelve (12) months have elapsed since the Approval Date and the Defendants have agreed to accept Releases from less than ninety-three percent (93%) of the

**Error! Unknown document property name.**

Plaintiffs with a corresponding pro rata reduction in the Gross Settlement Amount, Plaintiffs will cause all Actions to be dismissed with prejudice.

## 5. Funding The QSF and Distribution

Within thirty (30) days following the Effective Date and Defendants' receipt of signed Releases from at least 93% of the Plaintiffs (whichever occurs later), Defendants shall transmit the Gross Settlement Payment to the Settlement Administrator. Within ten (10) days of the Settlement Administrator's receipt of the Gross Settlement Payment from Defendants, the Settlement Administrator will distribute the funds consistent with the allocation discussed in Paragraph 3 of this Stipulation. The Settlement Administrator will work with Plaintiffs' counsel to ensure checks are reissued as necessary. For Plaintiffs who do not cash their checks within twelve (12) months from the Approval Date (and after reasonable repeated reminders by Plaintiffs' Counsel or the Settlement Administrator), the value of their checks will escheat to the respective Plaintiff's last known state of residence as unclaimed property.

## 6. Failure of Court Approval or Defendants' Termination

If the Court does not approve the settlement or Defendants rescind the Stipulation due to receiving Releases from less than ninety-three percent (93%) of Plaintiffs as of twelve (12) months from the Approval Date, this Stipulation shall become null and void and the Parties will return to their positions immediately prior to the execution of this Stipulation. In such event, Defendants will not object to the reinstatement of all the Actions, notwithstanding their earlier dismissal with prejudice, and any releases signed by Plaintiffs will be null and void. No evidence of settlement negotiations or the settlement will be used or admitted into evidence for any purpose (except as may be needed to enforce this provision).

## 7. Return of Contact Information Regarding Assistant Store Managers

Within ten (10) days after the Effective Date, Plaintiffs and Plaintiffs' Counsel shall return to Defendants all copies, in whatever form or medium, of the names and contact information for any current or former Assistant Store Managers that they received from Defendants in relation to the *Collins* Litigation. Plaintiff's Counsel's shall sign a certification under oath that all Plaintiffs' Counsel has not disseminated or shared with anyone the contact information for any current or former Assistant Store Managers that they received from Defendants in relation to the *Collins* Litigation and that they have returned all such information to Defendants.

Plaintiffs' Counsel represent and warrant that they do not represent any other current or former Assistant Store Managers of Kohl's with regards to any claims pertaining to their compensation.

8. **No Assignment of Claims.** Plaintiffs and their Counsel represent and warrant that Plaintiffs are the sole and lawful owners of all rights, titles and interests in and to all released matters, claims and demands referred to herein. Plaintiffs further represent and warrant that

**Error! Unknown document property name.**

there have been no assignments or other transfers of any interest in any such matters, claims or demands that Plaintiffs may have against the Released Parties.

9. **Breach.** If either Party breaches any of the terms and conditions of this Stipulation, the non-breaching Party shall be entitled to reasonable attorneys' fees and expenses incurred to enforce the terms and conditions contained herein.

10. **Non-Admission of Liability.** Plaintiffs acknowledge and agree that Defendants' participation in this Stipulation, the Parties' Settlement, and any payments made by Defendants are not to be construed as an admission of any wrongdoing or liability whatsoever by or on behalf of Defendants or any of the Released Parties. Defendants deny all of the allegations made by Plaintiffs in the Actions and deny that they are liable or owe damages to anyone with respect to the alleged facts or causes of action asserted in the Actions. Nothing herein will be deemed or used as an admission that a collective should be certified for any purposes other than for settlement. Nonetheless, without admitting or conceding any liability or damages whatsoever, Defendants have agreed to settle the Actions on the terms and conditions set forth in this Stipulation, to avoid the burden, expense, and uncertainty of continuing the Actions.

11. **Choice of Law.** The Parties also agree that this Stipulation shall be interpreted, construed, and enforced in accordance with the laws of the State of Wisconsin without regard to its conflicts of law rules.

12. **Acknowledgements.** Plaintiffs acknowledge Plaintiffs have been represented by counsel for the negotiation and settlement of this matter, and that Plaintiffs understand the terms of this Stipulation, and are knowingly and voluntarily entering into it.

13. **Construction.** The Parties expressly agree and acknowledge that this Stipulation is not to be construed against any of the Parties on the basis of which party drafted the Stipulation.

14. **No Representations.** The Parties acknowledge that no representation, promise or inducement has been made to them other than as set forth in this Stipulation, and that they enter into this Stipulation without reliance upon any other representation, promise, or inducement not set forth herein. The Parties also acknowledge that they had the opportunity to consult with an attorney of their choosing concerning this Stipulation and that they have read and understand this Stipulation, are fully aware of its legal effect, and have entered into it knowingly and voluntarily.

15. **Counterparts.** This Stipulation may be executed in counterparts, and may be signed electronically via eSign or other electronic means. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Stipulation and agreement, which shall be binding upon and effective as to all Parties. Electronic and facsimile signatures and transmissions of this Stipulation shall be deemed originals.

16. **Severability.** The Parties agree that the terms of this Stipulation are intended to be severable. If any term, provision, clause or item of this Stipulation is declared to be invalid or unenforceable by any court or administrative body of competent jurisdiction, the term, provision,

clause or item should be reformed (if possible, or severed if not) to give maximum effect to the intentions of the Parties, and the remaining portions of the Stipulation shall be enforced to give effect to the Parties' intentions to the maximum extent possible.

17. **Entire Agreement.** The Parties agree that the Stipulation is the entire agreement between them and represent their full and complete understanding. No prior or contemporaneous oral agreements may be offered to alter the terms of this Stipulation. The Stipulation shall be binding upon the Parties hereto and the Parties' heirs, executors, successors and assigns. The Stipulation may not be amended, modified or terminated, in whole or in part, except by a written instrument executed by the Parties. Plaintiffs may not assign this Stipulation without the written consent of Defendants. Defendants may assign this Stipulation without consent.

18. **Confidentiality.** Plaintiffs and their Counsel shall keep this Stipulation and the terms and conditions set forth herein strictly confidential, and shall not disclose such terms and conditions to any third-party other than their respective attorneys and accountants. Notwithstanding the foregoing, the terms and conditions of this Stipulation may be disclosed by Plaintiffs: (a) to obtain Court approval of this Stipulation and carry out the terms of this Stipulation, (b) to a court or governmental body having jurisdiction to require and actually requiring such disclosure; (c) as may be required by law; or (d) in any action or proceeding to enforce this Stipulation. Plaintiffs and their Counsel shall not communicate with any media of any kind regarding the Actions, Settlement, or this Stipulation, including, but not limited to, posting or causing to be posted information on websites, social media, television, radio, or print media of any kind.

19. **Incorporation of Recitals.** The Recitals are incorporated herein as if stated in full and are deemed to be true and correct.

20. **Arms' Length Transaction; Materiality of Terms.** The Parties have negotiated all the terms and conditions of this Stipulation at arms' length. All terms and conditions of this Stipulation in the exact form set forth in this Stipulation are material to this Stipulation and have been relied upon by the Parties in entering into this Stipulation, unless otherwise expressly stated.

WHEREFORE, the Parties, through their respective undersigned counsel, respectfully request that the Court enter an Order finding that the Stipulation is fair and reasonable, the release is valid and binding, and approving the Stipulation.

**WE AGREE TO THESE TERMS.**

**Error! Unknown document property name.**

On Behalf of Plaintiffs:

Dated: January 13, 2021                    By: _____

Plaintiffs' Counsel:                       Shannon Liss-Riordan, Esq.
                                           LICHTEN & LISS-RIORDAN, P.C.

Dated: January 13, 2021                    By: _____

Plaintiffs' Counsel:                       Richard Hayber
                                           HAYBER MCKENNA & DINSMORE

On Behalf of Defendants:

Dated: January 13, 2021                    By: _____
                                           DALLAS G. MOON, SVP HR

24641416.1

**Error! Unknown document property name.**