UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

STACY COLLINS,

              Plaintiff,

                                                            Case No. 18-cv-0962-bhl

  v.

KOHL'S DEPARTMENT STORES INC,
KOHL'S CORPORATION,

              Defendants.

_____

## ORDER
_____

        This matter came before the Court on plaintiff's unopposed motion for approval of the Fair Labor Standards Act (FLSA) settlement agreement. (ECF No. 181.) After reviewing the motion, supporting materials, and the proposed notice of settlement to members of the collective, as well as discussing the terms and procedures of the proposed settlement with counsel for the parties during a February 10, 2021 motion hearing, the Court will approve the parties' agreement.

        The Court finds that the proposed settlement resolves a bona fide dispute and the agreed terms are fair and reasonable. *Woods v. Club Cabaret, Inc.*, 2017 WL 4054523, at *6 (C.D. Ill. May 17, 2017) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982)) ("Under the FLSA, employees may settle their claims if the parties agree on the terms and the court approves the settlement as 'a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'"). Plaintiff alleges that she and other employees were misclassified as exempt employees, and, as a result, were not paid overtime wages. Defendants disagree and deny plaintiff's allegations. The settlement of this dispute was the result of contested litigation with substantial discovery and arm's-length negotiations, and the agreed terms reflect a reasonable compromise of the contested issues.

        The Court also finds that a one-step approval process is appropriate. *Benoskie v. Kerry Foods, Inc.*, 2020 WL 5769488, at *2 (E.D. Wis. Sept. 28, 2020) (citations omitted). Because

plaintiffs must affirmatively opt-in to participate in a collective action under FLSA, the due process concerns present in Rule 23 class actions do not apply. *E.g.*, *Briggs v. PNC Financial Services Grp.*, 2016 WL 7018566, at *1 (N.D. Ill. Nov. 29, 2016).

The Court further finds that the proposed settlement notice is satisfactory. The notice sufficiently informs the members of the collective of the terms of the settlement, the allocation formula, the procedures for participation, the estimated amount to which they are entitled, the scope of the release, the service payments to named plaintiffs, and the request for attorneys' fees and costs. *See, e.g.*, *Castillo v. Noodles & Co.*, 2016 WL 7451626, at *2 (N.D. Ill. Dec. 23, 2016).

The Court also finds that service awards are warranted. Plaintiffs Stacy Collins, Lisa Peterson, Tiange Luseni, Michelle Johnson, Delmy Portillo, Duane Budnick, Tony Jimenez, Jenna Graziano, and Oscar Sanchez took substantial actions and time to protect the interests of the collective's members and that those efforts resulted in a substantial benefit to the collective. *Espenscheid v. DirectSat USA, LLC*, 688 F.3d 872, 877 (7th Cir. 2012) (explaining that service awards are designed to compensate named plaintiffs for bearing the risk and burdens of litigation); *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998) ("In deciding whether such an award is warranted, relevant factors include the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation.").

Finally, the Court finds that the requested attorneys' fees are reasonable. Plaintiff's counsel request fees in an amount up to one-third of the total settlement amount for a maximum of $966,666.67 and reasonable costs in the amount of $34,011.04. The request for fees totaling one-third of the settlement amount is consistent with the market in the Eastern District of Wisconsin. *E.g.*, *Benoskie v. Kerry Foods, Inc.*, 2020 WL 5769488, at *3 (E.D. Wis. Sept. 28, 2020) (citations omitted).

**IT IS HEREBY ORDERED:**

1. The Court has subject matter jurisdiction over the subject matter of this action, all current and former individuals who have filed consents to participate in this action, regardless of whether they have since filed or participated in another lawsuit against Kohl's Department Stores, Inc. and/or Kohl's Corporation (collectively, "plaintiffs"), and Kohl's Department Stores, Inc. and Kohl's Corporation (collectively, "defendants").

2. The plaintiff's motion for settlement approval, ECF No. 181, is **GRANTED**, and the parties' settlement agreement is **APPROVED**.  The settlement reached by the parties in this case is fair and reasonable and meets the requirements for FLSA settlement approval and shall be executed in accordance with the terms of the settlement.

3. The plaintiff's proposed settlement notice, ECF No. 187, is **APPROVED**.

4. The requested service awards to plaintiffs Stacy Collins, Lisa Peterson, Tiange Luseni, Michelle Johnson, Delmy Portillo, Duane Budnick, Tony Jimenez, Jenna Graziano, and Oscar Sanchez are **APPROVED** and shall be paid in accordance with the terms of the settlement.

5. Plaintiff's request for attorneys' fees in an amount up to $966,666.67 and costs in the amount of $34,011.04 is **APPROVED** and shall be paid in accordance with the terms of the settlement.

6. Plaintiff's request for settlement administration costs in the amount of $43,000 is **APPROVED** and shall be paid in accordance with the terms of the settlement.  Except as otherwise provided in the settlement agreement or this Order, the settling parties are to bear their own attorneys' fees and costs.

7. The Court hereby **DISMISSES with prejudice** this action, all claims contained therein, bars and permanently enjoins all Plaintiffs from prosecuting any released claims against defendants and released parties.

Dated at Milwaukee, Wisconsin on March 3, 2021.

    s/ Brett H. Ludwig
    BRETT H. LUDWIG
    United States District Judge